IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID A. PAIGE,

      Plaintiff,                  No.  2:12-cv-3023 DAD P

    vs.

CAL PIA, et al.,

      Defendants.          ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not paid the required filing fee of $350.00 or filed an application to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a) & 1915(a).  Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

        Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

        In addition, the court will order plaintiff to file an amended complaint using the form complaint provided by the court.  The court notes that it cannot be determined from the

allegations of the original complaint whether plaintiff has exhausted his administrative remedies prior to filing this civil rights action as is required. Accordingly, plaintiff is advised that he must answer each question posed in the form complaint, including the section concerning the exhaustion of administrative remedies.

Plaintiff is also advised that the California Prison Industry Authority is not a proper defendant for a civil rights action. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, in his amended complaint plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). The Prison Industry Authority is not a "person" and as a state agency is entitled to Eleventh Amendment immunity. See Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir.1999) ("In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]"). The same applies to defendant California Department of Corrections and Rehabilitation. Therefore, in his amended complaint, plaintiff must name a proper defendant.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of service of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

4. Plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner and a § 1983 civil rights complaint.

DATED: January 4, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:mp/4
paig3023.3lta