UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. PAIGE, | No. 2:12-cv-03023 DAD P |
| Plaintiff, | |
| v. | ORDER |
| CAL PIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). See Doc. No. 3.

**I. Application for Leave to Proceed In Forma Pauperis**

On February 1, 2013, plaintiff submitted a declaration making the showing required by 28 U.S.C. § 1915(a). (ECF No. 6.) Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff filed a second application on February 5, 2013. That latter application will be denied as duplicative.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2

allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III.  Plaintiff's Complaint**

In his complaint plaintiff alleges that defendants PIA manager Tim Hart, California Attorney General Kamala Harris, Warden Swarthout and "CAL PIA insurance holder" have subjected him to cruel and unusual punishment because the soap he used while incarcerated at CSP-Solano was recalled due to "'trace amount of a chemical listed as a carcinogen.'"  (ECF No. 1 at 2-3.)  Plaintiff contends that he was forced to use the soap and as a result he has "suffered medical symptoms, and have [sic] been prescribed pain medication as treatment for the irreversible damages[.]"  (Id. at 4.)  Plaintiff seeks monetary damages in the amount of $500,000 and "compassionate release" from confinement  (Id. at 3.)  Plaintiff has not filed an administrative inmate grievance with respect to his claim.[1]  (Id. at 2.)

**IV.  Failure to Exhaust Administrative Remedies**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

---

[1]  In explaining why he did not submit an inmate grievance, plaintiff refers to two documents.  In a declaration signed by an inmate Mario Williams, dated November 16, 2012, Williams contends that he asked defendant Hart why inmates were not notified in 2007 when PIA became aware of the harmful chemicals in the soap, and that defendant Hart responded that "'they did not care about me and was trying to kill me.'"  (ECF No. 1 at 16.)  The second document referred to by plaintiff in this regard is a memorandum to CSP-Solano staff and inmates from Warden Swarthout, dated July 29, 2012.  (Id. at 14.)  That document advises that the soap has been recalled due to a trace amount of a carcinogen and that replacement soap will be arriving soon.  (Id.)

3

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n. 6.  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90–93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir.2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.' ") (quoting Jones, 549 U.S. at 218).

In the court's January 7, 2013 order (ECF No. 4 at 1-2), plaintiff was advised that he was required to exhaust administrative remedies prior to filing this civil rights action.  In his complaint, plaintiff admits that he did not use the inmate grievance process in this instance. Moreover, the two documents plaintiff refers to in attempting to explain his failure to exhaust his remedies in fact provide no excuse or explanation to justify plaintiff's failure to do so.  Therefore, the court will dismiss this action without prejudice.

**V.  Failure to State a Cognizable Claim**

Plaintiff is also advised that should he seek to proceed with a new action following his exhaustion of administrative remedies, it is likely that the action will be dismissed for failure to state a cognizable claim.  Similar actions have been filed by prisoners alleging that they were forced to use the PIA soap and that their rights under the Eighth Amendment were violated. Those actions have been dismissed for failure to state a cognizable claim. See Joseph v. California Prison Industry Authority, No. 2:13-cv-0122 CKD P, 2013 WL 3242233 (E.D. Cal. June 20, 2013) (concluding that even if the PIA soap posed an excessive risk of harm, there is no

4

allegation that defendant did anything which could be considered as deliberate indifference since the plaintiff in that case alleged that the soap was recalled by PIA which shows that defendants did not ignore a possible threat to safety); Bolden v. California Department of Corrections and Rehabilitation, No. 2:12-cv-2344 JFM P, 2013 WL 3242295 (E.D. Cal. June 20, 2013) (denying plaintiff's motion for reconsideration of the order dismissing the action for failure to state a claim, and concluding that plaintiff's declaration from inmate Mario Williams alleging that the PIA was aware in 2007 that the soap had a harmful chemical was not persuasive since the declaration provided no information about what chemical the soap was tested for and no admissible evidence as to whether any toxic chemical was found as part of that testing); Towler v. California Department of Corrections and Rehabilitation, No. 2:12-cv-2607 KJN P, 2013 WL 2991135 (E.D. Cal. June 14, 2013) (same); Brooks v. Perkins, No. 2:12-cv-2536 AC P, 2013 WL 1705005 (E.D. Cal. April 19, 2013) (dismissing a similar action for failure to state a cognizable claim and finding that plaintiff has not shown that he suffers any injury as a result of using the PIA soap and there was no showing that defendants were deliberately indifferent to plaintiff's health); Chestang v. California Department of Corrections and Rehabilitation, No. 2:12-cv-2064 AC P, 2013 WL 1702070 (E.D. Cal. April 18, 2013) (dismissing a similar action for failure to state a claim because plaintiff's claimed exposure to a cancer risk was speculative and because the defendants allegedly did nothing that could be considered deliberately indifference).

**VI. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 1, 2013 application to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's February 5, 2013 application to proceed in forma pauperis (ECF No. 7) is denied as duplicative.

5

4. This action is dismissed without prejudice for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a).

Dated: September 23, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
paig3023.fte